## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF LOUISIANA
## SHREVEPORT DIVISION

| | |
|---|---|
| JUDITH WOODHAM | CIVIL ACTION NO. 24-0606 |
| VERSUS | JUDGE ALEXANDER C. VAN HOOK |
| BELLSOUTH TELECOMMUNICATIONS, LLC, ET AL. | MAGISTRATE JUDGE HORNSBY |

### ORDER

Mills Utility Construction of MS, Inc. ("Mills") and Union Insurance Company ("Union") have moved to seal an exhibit attached to their motion for summary judgment. Record Document 112. The exhibit is a construction and maintenance agreement between Mills and another defendant, AT&T Services, Inc. ("AT&T"). Record Document 112-3. The motion is denied.

The United States Court of Appeals for the Fifth Circuit has made clear that district courts "should be ungenerous with their discretion to seal judicial records." *Bin Hoa Le v. Exeter Fin. Corp.*, 990 F.3d 410, 418 (5th Cir. 2021). To seal a document filed in the judicial record, district courts must balance "the public's common law right of access against the interests favoring nondisclosure[.]" *June Med. Serv. LLC v. Phillips*, 22 F.4th 512, 521 (5th Cir. 2022). The "working presumption is that judicial records should not be sealed." *Id.*

In this case, Mills and Union made no effort to show that the public's right of access to the judicial records of this proceeding would cause them harm. *See, e.g.*, *Vantage Health Plan, Inc. v. Willis-Knighton Med. Center*, 913 F.3d 443, 451 (5th Cir.

1

2019) (noting that a party who failed to "articulate any specific harm" and "offered nothing but conclusory statements" did not overcome the "public access presumption."). They did not perform a "line-by-line" analysis of the exhibit or articulate the interests favoring non-disclosure. *Bin Hoa Le*, 990 F.3d at 419.

Instead, Mills and Union claim the exhibit should be sealed because it had been marked confidential during discovery and produced subject to a protective order. Record Document 112-1 at 1-2. Merely claiming a document is confidential, especially when filed in support of a motion for summary judgment, is not enough. *Bin Hoa Le*, 990 F.3d at 420 (rejecting a sealed pleading where "the parties wielded nigh-boundless discretion to label things confidential" and "….documents marked confidential provided the basis for summary judgment[.]".

Considering the foregoing,

**IT IS ORDERED** that the Motion to File Document Under Seal, Record Document 112, is **DENIED** without prejudice. The defendants, Mills Utility Construction of MS, Inc. and Union Insurance Company, may file a supplemental motion no later than **July 6, 2026** that provides a "line-by-line" analysis of the basis for sealing, including pinpoint citation to both the exhibit itself and legal authority.

**IT IS FURTHER ORDERED** that the Clerk of Court is **INSTRUCTED** to **UNSEAL** Record Document 112 at 3 and Record Document 113 at 9 on **July 10, 2026** if the defendants have not filed a supplemental motion to seal.

**DONE AND SIGNED** at Shreveport, Louisiana, this 1st day of July, 2026.

ALEXANDER C. VAN HOOK
UNITED STATES DISTRICT JUDGE