**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF LOUISIANA**
**SHREVEPORT DIVISION**

| | |
|---|---|
| JUDITH WOODHAM | CIVIL ACTION NO. 24-0606 |
| VERSUS | JUDGE ALEXANDER C. VAN HOOK |
| BELLSOUTH TELECOMMUNICATIONS | MAGISTRATE JUDGE HORNSBY |

**MINUTES OF COURT**

The Court held a pretrial conference on September 17, 2026, in the above captioned matter in chambers. The conference began at 9:50 a.m. and ended at 10:15 a.m., thus lasting 00:25 minutes. Any further questions related to this trial should be sent to Margaret Tullis, the assigned law clerk. The following appeared at the conference:

**Appearances**

| | | |
|---|---|---|
| Scott Jeffrey Chaffin, Jr. | *for* | Judith Woodham, Plaintiff |
| Andre Michael Boudreaux<br>William Prescott Worsley | *for* | Union Insurance Co. and Millis Utility Construction of MS, Inc., Defendant |

**Proceedings**

Trial is scheduled for October 19, 2026, at 9:00 a.m. Counsel should be present in the courtroom at 8:00 a.m., so the Court can address any issues that may have arisen before trial begins. This matter is the only setting on the Court's docket. In

accordance with Local Rule 16.4, counsel must notify the Court *immediately* if settlement is reached.

The Court made the following rulings on the pending Motions in Limine:

The motion in limine to exclude evidence regarding Plaintiff's future medical care, Record Document 126, is **DENIED**. "The purpose of a motion in limine is to allow the trial court to rule in advance of trial on the admissibility and relevance of certain forecasted evidence." *Harkness v. Bauhaus U.S.A., Inc.*, 2015 WL 631512, at *1 (N.D. Miss. Feb. 13, 2015). Mills and Union are essentially requesting a motion for partial summary judgment as to future medical care, but a "motion in limine is not a substitute for a motion for summary judgment." *Walker v. Target Corp.*, 2017 WL 2987282, at *5 (S.D. Miss. July 12, 2017).

The motion in limine to prohibit Woodham from presenting duplicative expert testimony, Record Document 127, is **DENIED**. Mills and Union argued that proposed experts for Woodham provide nearly identical reports on the same issue of liability and came to the same conclusions using the same methodology.

It is within the district court's discretion "to exclude testimony that is repetitious and cumulative of testimony already before the court. *Leefe v. Air Logistics, Inc.*, 876 F.2d 409 (5th Cir. 1989) (citing *Harvey v. Andrist*, 754 F.2d 569, 575 (5 Cir. 1985)). The Court clarified it would not impose an exact limit on the number of experts allowed to testify on a specific topic. *Leefe*, 876 F.2d at 411. "Multiple experts may testify to the same conclusion if they approached their individual analyses from separate 'vantage points.'" *Parker v. John W. Stone Oil*

*Distributors, L.L.C.*, No. 18-3666, 2019 WL 271017, at *3 (E.D. La. June 28, 2019) (quoting *Sanchez v. Swift Transp. Co. of Ariz., LLC*, No. 15-15-LG, 2017 WL 5643554 (W.D. Tex. July 19, 2017).

Both experts are associates at Robson Forensic, however, their qualifications are unique. Mr. Tedder is an expert in construction safety and civil engineering. He has extensive experience in groundwork and site safety. Mr. Tedder's report analyzed the facts using regulations from OSHA, the City of Shreveport, and other relevant legal and construction standards. Mr. Ford is an expert in electrical engineering and utility industry consulting. His specific experiences relate to the installation of underground utilities. Mr. Ford's report included analysis using standards from the National Electric Code. While both Mr. Tedder and Mr. Ford rely on the same facts, equipment, and calculations, this does not make their testimony duplicative. They come to their own conclusions from unique perspectives.

The omnibus motion in limine to exclude three categories of evidence, Record Document 128, is **GRANTED IN PART** as follows. Otherwise, the motion is **DENIED**.

1. Direct and indirect references to insurance

The motion is **GRANTED IN PART** because Woodham agrees not to reference amounts of insurance coverage and whether coverage exists because they agree "wealth or poverty of a party is not a proper issue for the jury to consider." Record Document 139 at 1. Accordingly, indirect and direct references to the insurance policies issued by Union are excluded from trial.

The Court agrees with Woodham that the name Union Insurance Company is not prohibited because Union is a party to the lawsuit. Thus, the motion is denied, and Woodham may refer to Union as Union Insurance Company.

2. Use of Golden Rule, Conscience of the Community and Reptile Theory Tactics and Arguments

The motion is **GRANTED IN PART**. Golden Rule arguments instruct the jury to "place themselves in the plaintiff's position and do unto him as they would have him do unto them." *Learmonth v. Sears, Roebuck & Co.*, 631 F.3d 724, 732 (5th Cir. 2011). "Golden Rule" arguments are allowed where the issue is liability. *Thibodeaux v. State Farm Fire & Casualty Co.*, No. 22-06252, 2024 WL 5510409 (W.D. La. July 23, 2024) (citing *Stokes v. Delcambre*, 710 F.2d 1120, 1128 (5th Cir. 1983)). A conscious of the community argument "references to a community standard or expectation which would be disappointed unless the jury returned a large verdict in [the plaintiff's] favor." *Westbrook v. Gen. Tire & Rubber Co.*, 754 F.2d 1233, 1238 (5th Cir. 1985). Such arguments "serve no purpose and carry the potential of substantial injustice when invoked against outsiders." *Id.* Finally, the opinion of counsel about the justness of a cause and the credibility of a witness is prohibited. *United States v. Corona*, 551 F.2d 1386, 1391 (5th Cir. 1977) ("It is the duty of every trial lawyer not to assert 'his personal opinion as to the justness of a cause, as to the credibility of a witness…'").] Woodham must limit any Golden Rule type testimony to issues of liability.

As for the refusal to take responsibility, Mills and Union argue such a comment would be incorrect and misleading. However, liability is an issue in this case because defendants have denied responsibility. "The Court will not entertain abstract, broad, speculative, and poorly analyzed motions in limine without the benefit of a full evidentiary record." *Thibodeaux v. T-H Marine Supplies, LLC*, No. 21-443, 2023 WL 3562975, at *4 (M.D. La. May 19, 2023). Thus, the motion is denied.

3. Evidence not timely produced

Mills and Union seek to exclude materials and evidence not produced timely in discovery. They include specific exhibits not previously produced by Woodham in discovery. Mills and Union identify two photographs, Woodham's proposed Exhibits 8 and 9. These photographs are of the ground near the location of the incident. Mills and Union also identify medical records obtained via subpoena "that were never produced, identified, nor included or referenced in Plaintiff's own medical bills index." Record Document 128 at 7. Specifically, Woodham failed to disclose all medical records from Fultz Physical Therapy. Finally, Mills and Union identify photographs or videos from Woodham's daughter's wedding. Despite Mills and Union's request, no photographs or videos were produced.

In opposition, Woodham responds that much of objected evidence has been produced. Woodham is in the process of conferring with defendants. The Court made clear to the parties that evidence not produced would not be admitted. The motion is denied but may be reargued at trial.

The motion in limine to exclude evidence regarding Plaintiff's wealth and passive income, Record Document 129, is **GRANTED**. Rule of Evidence 402 bars evidence that is not relevant, and evidence is relevant only if it tends "to make a fact or more of less probable than it would be without the evidence, and the fact is a consequence in determining the action." Fed. R. Ev. 401. The Supreme Court of Louisiana has held "wealth or poverty of a party to a lawsuit is not a proper consideration in the determination of compensatory damages." *Rodriguez v. Traylor*, 468 So.2d 1186,1188 (La. 1985). "In personal injury cases, wealth evidence is inadmissible, except when awarding punitive damages." Johnson v. Lopez-Garcia, No. 20-2024, 2021 WL 3630109 (E.D. La. Aug. 17, 2021). In this personal injury case, evidence of Woodham's wealth, passive income, and stock holdings are irrelevant and inadmissible in the determination of compensation damages. Woodham also stipulates to withdraw any informally made claims for loss of wages or loss of earning capacity not made in the Petition.

The motion in limine to exclude evidence regarding OSHA, Record Document 130, is **DENIED**. OSHA regulations are relevant to liability. Mills argues evidence related to OSHA is not relevant, confusing to the jury, and prejudicial. They also argue Woodham did not allege Mills violated OSHA standards. That argument is unavailing. OSHA does not create a private right of action, but violations are evidence of negligence. *Rabon v. Automatic Fasteners, Inc.*, 672 F.2d 1231 (5th Cir. 1982). A plaintiff may use OSHA regulations and evidence of violations as evidence of

negligence at trial. *Buhler v. Marriott Hotels, Inc.*, 390 F.Supp. 999 (E.D. La. Aug. 20, 1974).

As for confusing the jury, Woodham agrees to submit limiting jury instructions if necessary and allow Mills to cross-examine Tedder at length on evidence related to OSHA. Record Document 136 at 9.

The motion in limine to exclude evidence regarding default judgment and discovery sanctions, Record Document 131, is **GRANTED**. Federal Rule of Evidence 402 bars evidence that is not relevant, and evidence is relevant only if it tends "to make a fact or more of less probable than it would be without the evidence, and the fact is a consequence in determining the action." Fed. R. Ev. 401. Here, the issues for trial include liability, fault, causation, and damages. An earlier vacated and withdrawn default judgment against Mills and a discovery sanction for failure to appear at its own corporate deposition is not relevant to the issues in this case. Thus, evidence of the default judgment and discovery sanctions are excluded from trial.

In addition to the motions in limine, at the pretrial conference, Mills and Union argued that Woodham failed to list several witnesses, including herself, Mr. Tedder, and Mr. Ford on Plaintiff's "Will Call" Witness List or "May Call" Witness List in the Joint Pre-Trial Order. Record Document 138. Woodham shall file a motion to amend the Joint Pre-Trial Order within five (5) days of the pretrial conference. Replies shall be filed within two (days) from filing of any motions.

The following additional pretrial deadlines were reiterated at the conference:

**October 5, 2026**

1. **ADDITIONAL MOTIONS** shall be filed.

2. **REALTIME TRANSCRIPTS**.
RealTime Transcripts. A real-time glossary must be submitted to lawd_realtime@lawd.uscourts.gov 14 days before trial regardless of whether you are requesting real-time reporting services. See Court Reporters & Transcripts | Western District of Louisiana | United States District Court for an example.

   Real-time reporting services: Requests for uncertified, real-time translation services must also be submitted to lawd_realtime@lawd.uscourts.gov 14 days before trial.

**October 13, 2026**

3. **PROPOSED JURY INSTRUCTIONS** shall be filed.

4. **PROPOSED JURY VERDICT FORM** shall be filed.

5. **EXHIBITS.**
Counsel shall submit two paper copies of trial exhibits to Chambers. Paper copies shall be submitted in three-ring binders, with each exhibit separated by a numbered tab. A descriptive index of exhibits shall also be provided.

   Exhibits over 25 pages should be in electronic format.

6. **Submission of Trial Depositions**. Trial depositions shall be edited jointly by the parties to remove all non-essential material. All objections thereto must be filed and briefed by this deadline.

**Morning of Trial** 7. **WITNESS LISTS.**
Counsel shall submit a courtesy copy of the witness list (to be read to the jury venire) to the Courtroom Deputy, Robin Enkey, the morning of the trial.

A courtesy copy of all material required by this Minute Entry shall be submitted to Chambers in both paper and electronic formats. The electronic submission shall be formatted in Word Format and e-mailed to: VanHook_Motions@lawd.uscourts.gov .

**STANDING TRIAL ORDERS:**

1. The Court will make the jury questionnaires available to the parties the Friday before trial. Jury questionnaires will be emailed by the Clerk of Court's office. Counsel were advised of the privileged nature of that information and that it shall not be shared with anyone. Any copies made of the jury questionnaires MUST be returned to Robin Enkey after jury selection.

2. Counsel are to be prepared to use the equipment in the courtroom for electronic presentation. Counsel may contact Robin Enkey to make arrangements for instruction on the operation of the equipment.

3. Counsel shall familiarize themselves with the local rules for this district.

**DONE AND SIGNED** at Shreveport, Louisiana, this 18th day of September, 2026.

Alex C. Van Hook

ALEXANDER C. VAN HOOK
UNITED STATES DISTRICT JUDGE